# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTUE,<br><br>        Petitioner,<br><br>  v.<br><br>M.D. STAINER,<br><br>        Respondent. | Case No. 1:14-CV-01231-AWI-SMS  HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON HIS OWN RECOGNIZANCE<br><br>(Doc. 11) |

Petitioner John Montue is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 22, 2014, Petitioner moved for release on his own recognizance pending resolution of his petition.  Respondent opposes Petitioner's release, noting that the parole board has found him unsuitable for release seventeen times.  The Court declines to release Petitioner.

## I.    Procedural and Factual Background

In 1979, Petitioner was convicted of kidnap and robbery charges, and sentenced to a term of imprisonment of seven years to life.

The most recent hearing on Petitioner's suitability for parole occurred on June 5, 2013.  The board denied parole for a term of three years.  The board relied on Petitioner's serious criminal history and his questionable credibility.  It found Petitioner's version of the underlying incident

implausible.  The board also expressed concern that Petitioner lacked adequate understanding of the factors that led to his crime and of his anger.  On the decision's face sheet, the board recommended that Petitioner stay discipline free and earn positive chronos, and that he get self-help and therapy, if available.

On August 1, 2014, the parole board, acting on its own motion, advanced Petitioner's next parole hearing to February 3, 2015.  The board noted that Petitioner was receiving satisfactory work reports in his job as a porter.  Since his 2013 parole hearing, he had begun participation in Alcoholics Anonymous, Restorative Justice, and Alternatives to Violence.  The 2015 hearing was scheduled to provide Petitioner with an opportunity to demonstrate that with the passage of time, he had developed a better understanding of the causes and conditions of his crime.

## II.   Discussion

Arguing that he has been in custody for a time disproportionate to his culpability for the underlying crimes, Petitioner contends that this Court should release him on his own recognizance.

The Ninth Circuit has not resolved the issue of whether a district court may release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases.  *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001).  Even if a district court has the power to release a state prisoner pending resolution of a habeas proceeding, "the exercise of such authority is reserved for extraordinary cases."  *Roberson v. Copenhaven*, 2013 WL 6182533 at *2 (E.D.Cal. Nov. 25, 2013) (No. 1:12-cv-01074-JLT).  "[R]elease on bond is rarely granted in a habeas corpus case."  *Vaughn v. Adams*, 2006 WL 2585041 at *10 (E.D. Cal. Sept. 5, 2006), *adopted* 2007 WL 499629 (E.D. Cal. Feb. 13, 2007) (No. CV-F-01-5241-OWW-DLB HC).

The federal court's authority to release a state prisoner on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself.  *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987).  *See Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2nd Cir. 1978); *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975); *United States ex rel. Thomas v. New*

2

*Jersey*, 472 F.2d 735, 743 (3d Cir. 1973); *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (*per curiam*).  The district court has the inherent power to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus.  *See Turner v. Yates*, 2006 WL 1097319 at *1, *adopted* 2006 WL 2331125 (E.D.Cal. April 26, 2006) (No. CIV S-03-2248-DFL-PAN P).

The bail standard for a person seeking collateral review differs from that applicable to a pretrial detainee.  *McNeely v. County of Sacramento*, 2010 WL 1444626 at *1 (E.D.Cal. April 12, 2010) (No. 2:09-cv-02520-WBS-GGH P).  Although accused persons awaiting trial are presumed innocent and have an Eighth Amendment right to be free from excessive bail, a habeas corpus petitioner requesting post-conviction relief has been criminally convicted and no longer possesses the right to personal freedom, however conditional.  *Id.*  As a result, a district may not appropriately release an individual on bail even if the allegations of his habeas petition set forth a clear case for release.  *Benson v. California*, 328 F.2d 159, 162 (9th Cir. 1964).  In addition to substantial issues set forth in the petition, some circumstance must make the application exceptional and deserving of special treatment in the interests of justice.

"In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice."  *Aronson v. May*, 85 S.Ct. 3, 5 (1964).  To secure release on bail or recognizance, a petitioner must set forth both substantial constitutional claims upon which he has a high probability of success and the presence of extraordinary or exceptional circumstances.  *Id.* at 5.

Courts construing the first prong on the *Aronson* analysis have required that the petitioner's claims be more than substantial.  *McNeely*, 2010 WL 1444626 at *2; *Turner*, 2006 WL 1097319 at *1.  *See, e.g., Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (per curiam) (holding bail may be granted to a military prisoner seeking post-conviction relief only when the petitioner has raised

3

constitutional claims upon which he has a high probability of success and when there are

extraordinary or exceptional circumstances); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)

(holding that the court will grant bail only when the petitioner presents both a clear case on the law

and a case readily apparent on the facts); *Richardson v. Wilhelm*, 587 F.Supp. 24, 25 (D.Nev. 1984)

(denying bail where the petitioner did not demonstrate a reasonable probability that his challenged

sentence was attributable to weight given an improper factor); *Monroe v. State Court of Fulton*

*County*, 560 F.Supp. 542, 545 (N.D.Ga. 1983) (limiting release in collateral actions to only

exceptional circumstances).  The Ninth Circuit has emphasized how extraordinary constitutional

claims would need to be to satisfy this prong:

> There are thousands of prisoners confined in state prisons, any of whom, with
> little assistance from their cell mates, would have no difficulty in drafting a
> petition for writ of habeas corpus which would allege substantial violations of
> constitutional rights.  We do not propose . . . to open the door to the release of
> those thousands of prisoners on the basis of mere allegations in their petitions.

*Roe*, 257 F.3d at 1080 (*quoting Benson*, 328 F.2d at 163 n. 2).

Noting that Roe's claim of actual innocence rested on the statements of a codefendant to his

counsel that Roe was not involved in the crime and the plethora of evidence of the codefendant's

lack of credibility, the appellate court also emphasized that an argument for release in a post-

conviction action needed to be far stronger.  Here, Petitioner bases his claim that the parole board's

procedure for setting a base term is unconstitutional on a settlement agreement which is neither

publically available nor appended to his motion, apparently involving a similar claim against the

parole board by an unrelated petitioner.  *In re Roy Butler* (Cal. App. Dist. 1, March 7, 2014) (Nos.

A139411 and A137273).[1]  This authority is not compelling.

Nor does Petitioner demonstrate exceptional circumstances justifying relief, as required for

the second *Aronson* prong.  In its discretion, a court may find exceptional circumstances when (1) a

---

[1] *See also In re Roy Butler*, 2014 WL 2779170 (App. Brief ) (Cal. S.Ct., May 15, 2014) (No. S217611) (referring to settlement between Butler and the parole board).

4

petitioner demonstrates a health exigency that cannot be appropriately addressed in prison (*Roe*, 257 F.3d at 1081); (2) processing of the petition has been delayed for an unconscionable time period (*Glynn*, 470 F.2d at 99); or (3) an extraordinary claim could not be resolved before the court could complete collateral review (*Boyer v. City of Orlando*, 402 F.2d 966, 968 (5th Cir. 1968)).  *See also Cooley v. Holland*, 2014 WL 3889974 at *5 (E.D. Cal. Aug. 7, 2014) (No. 2:14-cv-00343-KJN P) (denying motion for release despite the approaching end of the petitioner's approximately seven-year sentence where the petitioner failed to demonstrate extraordinary circumstances or a high probability of success); *Hall v. San Francisco Superior Court*, 2010 WL 890044 at *13 (N.D.Cal. Mar. 8, 2010) (No. C 09-5299 PJH) (denying motion for release due to low probability of success of the petitioner's claims but noting that the short remaining duration of the petitioner's sentence constituted extraordinary circumstances).

Finally, a district court considering the release of a habeas petitioner must consider the petitioner's risk of flight and danger to the community if he were to be released.  *Marino*, 812 F.2d at 508-09; *Rodrigues v. Johnson*, 2014 WL 3890679 at *17 (E.D.Cal. Aug. 7, 2014) (No. 1:13-cv-01322-BAM HC).  In determining suitability for release, the court may rely on the crime of which the petitioner was convicted and the outcome of his most recent parole denial.  *Canas v. Curry*, 2010 WL 5088222 at *2 (N.D.Cal. Dec. 8, 2010) (No. C 09-0081 MMC (PR)) (finding evidence to support the board's finding of unsuitability for parole based on the petitioner's criminal history, history of drug abuse, and recently acquired insight into his criminal and addictive behavior). Petitioner's convictions for kidnapping and robbery, which resulted in a sentence of seven years to life in prison, are serious.  Following Petitioner's most recent parole hearing, the face sheet of which he has appended to his reply brief, the board denied parole based on Petitioner's serious criminal history, his questionable credibility, his implausible version of the underlying incident, and his adequate understanding of the factors that led to his crime and of his anger.  Although the board advanced Petitioner's next parole hearing based on apparent improvement in Petitioner's job

performance and participation in self-help activities, it set the date in 2015 to allow Petitioner to continue to establish evidence of improved performance.  Even if Petitioner had presented a more compelling case, the Court could not confidently have concluded that he could safely be released.

**III.**      **Conclusion and Order**

Petitioner's having failed to establish an unusually substantial constitutional claim and extraordinary circumstances, the Court hereby DENIES Petitioner's motion for release on his own recognizance.


IT IS SO ORDERED.

Dated:   __**December 3, 2014**__                      _____**/s/ Sandra M. Snyder**_____
                                               UNITED STATES MAGISTRATE JUDGE