# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTUE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　　Respondent. | Case No. 1:14-CV-01231-AWI-SMS  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 23) |

Respondent Stu Sherman, warden of the California Substance Abuse Treatment Facility and State Prison, Corcoran, California ("CSATF"), moves to dismiss the petition for Petitioner's failure to state a cognizable claim.  Petitioner John Montue, a state prisoner confined at CSATF, contends that the parole board denied his due process rights by failing to grant him parole.  The undersigned recommends that the Court dismiss the petition for failure to state a cognizable claim.

**I.       Factual and Procedural Background**

In 1979, Petitioner was convicted of charges including kidnap/robbery with enhancement (crimes committed on December 14, 1978); grand theft and conspiracy to commit grand theft (crimes committed on December 9, 1978); and resisting an officer (on December 1, 1978). Following a jury trial, Petitioner was sentenced to a term of imprisonment of seven years to life. Petitioner is currently confined in CSATF.

1

The most recent hearing on Petitioner's suitability for parole occurred on June 5, 2013. The board denied parole for a term of three years. The board relied on Petitioner's serious criminal history and his questionable credibility. It found Petitioner's version of the underlying incident implausible. The board also expressed concern that Petitioner lacked adequate understanding of the factors that led to his crime and of his anger. On the decision's face sheet, the board recommended that Petitioner stay discipline free and earn positive chronos, and that he get self-help and therapy, if available.

On August 1, 2014, the parole board, acting on its own motion, advanced Petitioner's next parole hearing to February 3, 2015. The board noted that Petitioner was receiving satisfactory work reports in his job as a porter. Since his 2013 parole hearing, he had begun participation in Alcoholics Anonymous, Restorative Justice, and Alternatives to Violence. The 2015 hearing was scheduled to provide Petitioner with an opportunity to demonstrate that with the passage of time, he had developed a better understanding of the causes and conditions of his crime.

On August 6, 2014, Petitioner filed a petition for writ of habeas corpus in which he raised claims alleging that the denial of parole resulted in an excessive sentence violating petitioner's due process rights. On August 22, 2014, Petitioner amended the petition and moved for release on his own recognizance. The Court denied Petitioner's motion for release on December 4, 2014.

On November 24, 2014, Respondent filed a motion to dismiss for failure to state a cognizable claim. On December 8, 2014, Petition filed opposition, claiming that his custody constituted cruel and unusual punishment in violation of the Eighth Amendment.

## II.  Discussion

### A.  Due Process Claims (Petition)

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A federal court will "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to a judgment of a

2

State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  In addition, to succeed in a petition pursuant to Section 2254, the petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2).

Petitioner contends that the parole board violated his due process rights by denying him parole in June 2013.  Claiming that, under California law, the base term for his crimes was thirteen years, Petitioner contends that his life term was complete 22 years ago, in 1991, when he completed his first thirteen years of confinement.  In a supporting brief, Petitioner, concedes that he does not challenge the legality of his conviction nor whether there was "'some evidence' or 'rational nexus' of his current dangerousness in California's procedural requirements."  Doc. 10 at 22-23.  His sole contention is that the California Board of Parole Hearings has violated his due process rights by keeping him "in custody for a period grossly disproportionate to his individual culpability for the commitment offense."  Doc. 10 at 23.

"'To determine whether due process requirements apply in the first place, we look not to the weight but to the *nature* of the interest at stake.'"  *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71 (1972)) (internal quotation marks omitted).  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Id.*

Even if there is no federal due process interest, however, a prisoner may have a liberty interest in parole under state law, as is the case under California law.  *Swarthout v. Cooke*, 562 U.S.

216, 131 S.Ct. 859, 861 (2011).  When a state law creates a liberty interest, the due process clause requires fair procedures in its application.  *Id.*  Under a parole statute such as California's, a prisoner receives due process if he is given (1) an opportunity to be heard, and (2) a statement of the reasons for denial of parole.  *Id.* at 862.  Petitioner does not dispute that the parole board satisfied these two conditions in his June 2013 parole hearing: in fact, a copy of the board's decision, including its reasons for denying Petitioner parole have been included in the record.

Any federal due process interest stops at the two procedural requirements set forth in *Swarthout*.  *Id.*  The substantive sufficiency (the "some evidence" analysis prescribed by California law for judicial review of parole board decisions) is a matter of state law that must be evaluated by state courts.  *Id.* at 862-63.  "'We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.'"  *Little v.Crawford*, 449 F.3d 1075, 1083 n. 6 (9th Cir. 2006) (quoting *Hughes v. Heinze*, 268 F.2d 864, 869-70 (9th Cir. 1959)).  Nor may a petitioner "transform a state-law issue into a federal one merely by asserting a violation of due process."  *Little*, 449 F.3d at 1083 n. 6 (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)).

### B.     Cruel and Unusual Punishment (Opposition Brief)

For the first time in his opposition to Respondent's motion to dismiss, Petitioner asserts that the parole board's failure to grant him parole resulted in a sentence that is grossly disproportionate to the crime for which his sentence was imposed in violation of the Eighth Amendment.  The Court will not consider an issue raised for the first time in a reply brief.  *See, e.g., Eberle v. City of Anaheim*, 901 F.2d 814, 818 (1990).

### III.    Conclusion and recommendation

Because the June 2013 parole hearing satisfied the *Swarthout* procedural criteria, Petitioner has failed to allege a cognizable due process claim.  Whether the parole board erred substantively in applying California law to the facts of Petitioner's case is a question for Petitioner to present to the

California courts, not in a federal petition for habeas corpus.  Accordingly, the undersigned recommends that this case be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, either party may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 10, 2014**            **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE