# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTUE,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>Respondent. | Case No. 1:14-CV-01231-AWI-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DENY PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. 39) |

On August 6, 2014, Petitioner John Montue, a state prisoner confined at CSATF, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, in which he contended that the California Board of Parole Hearings denied his due process rights by failing to grant him parole. On December 10, 2014, the undersigned filed findings and recommendations recommending that the Court dismiss the petition for failure to state a cognizable due process claim. The Court adopted the findings and recommendations on December 23, 2014. Petitioner moved for reconsideration of the order and judgment on January 23, 2015.

## DISCUSSION

A party cannot have relief merely because he or she is unhappy with the judgment. *See, e.g., Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.Cal. 2001). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

1

2000), *quoting* 12 James Wm. Moore, Moore's Federal Practice § 59.30[4] (3d ed. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law."  *Kona Enterprises*, 229 F.3d at 890, *quoting 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).  "[A] motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief."  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

      Petitioner contends that the Court erred in finding that his claims were not cognizable since the findings and recommendations wrongly stated that he had not asserted a disproportionality claim until he filed his reply brief.  Petitioner misstates the Court's findings, which read, "For the first time in his opposition to Respondent's motion to dismiss, Petitioner asserts that the parole board's failure to grant him parole resulted in a sentence that is grossly disproportionate to the crime for which his sentence was imposed *in violation of the Eighth Amendment.*"  Doc. 30 at 4 (*emphasis added*).  In his petition, Petitioner claimed that his *federal due process rights* were violated "because the California Board of Parole Hearings (Board) ha[d] illegally kept him held in custody for a period grossly disproportionate to his individual culpability for the commitment offense."  Doc. 1 at 48.  The point of the statement in the findings and recommendations was not that Petitioner had not raised a claim of disproportionality until his reply brief, but that he had not raised an Eighth Amendment claim until that brief.  Because Petitioner had not previously raised an Eighth Amendment claim, Respondent had no opportunity to address an Eighth Amendment Claim.  Accordingly, the Court did not reach the untimely Eighth Amendment claim.

      In any event, whether or not Petitioner argued disproportionality in his petition was not material to the Court's determination to dismiss the petition for failure to state a cognizable claim.  As the findings and recommendations explained, when a state law creates a liberty interest, as California law does with regard to parole, due process requires only that a prisoner (1) be given an opportunity to be heard and (2) a statement of the reasons for denial of parole.  *Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 862 (2011).  Petitioner's having received both, his due process rights were not violated.

RECOMMENDATION

The undersigned RECOMMENDS that the Court deny Petitioner's motion for reconsideration.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, either party may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 11, 2015**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE